

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Laurae A. Caruth**<br>*Assistant Corporation Counsel*<br>Tel: (718)724-5315 |

September 22, 2020

<u>**VIA ECF**</u>
Honorable Paul A. Engelmayer
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    *J.S. obo M.S. v. N.Y.C. Dep't of Educ.* 20-cv-2105(PAE)(JLC)

Dear Judge Engelmayer:

    I am an Assistant Corporation Counsel in the office of Corporation Counsel James E. Johnson, attorney for Defendant in the above-referenced action wherein Plaintiff seeks attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*. ("IDEA"), as well as for this action.

    I write to respectfully request a 90-day stay of this action pending Plaintiff's counsel's provision to Defendant of relevant attorney billing records, and to respectfully request that Plaintiff be directed to provide billing records no later than September 29, 2020. On Friday, September 11, 2020, Judge Failla and Judge Woods of this Court granted the City's letter motions to stay two cases due to long delays by the Roller firm in providing relevant attorney billing records. *See D. v. DOE*, 20-cv-2238 (KPF)(GWG) (ECF No. 14); *T. v. DOE*, 20-cv-3816 (GHW)(RWL) (ECF No. 13) (granting request in part).

    By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE without the need for a federal action. Of the small portion of fee claims that do not resolve through settlement with DOE, once a federal action is filed they are routinely settled without further litigation following negotiations between plaintiff's counsel and the New York City Law Department (with final approval by the New York City Comptroller). A small fraction of the federal filings do not settle and go to motion practice.

    This case, and many others filed by the Roller firm, are outliers in that Plaintiff's counsel never sought to reach a resolution with the DOE or the Law Department before filing this suit.

Indeed, since the onset of the COVID-19 pandemic, Ms. Roller has filed 25 new actions seeking solely IDEA fees and costs, and, has an additional half dozen others filed in 2019 and early 2020, yet has only provided billing records in just a few of those cases to date.

The complaint was filed on March 9, 2020 and because of COVID-19 was served on the defendant on July 24, 2020. On August 13, 2020, Defendant filed a request for an extension of time to answer (ECF No. 7), with the Plaintiff's consent, so that the parties could engage in settlement negotiations. The Court granted that request on August 14, 2020 (ECF No. 8). Unfortunately, settlement negotiations have not begun because Plaintiff has not provided relevant billing records, despite Defendant's repeated requests for them.

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days.

Therefore, Defendant respectfully requests that this action be stayed for 90 days, and that Plaintiff's counsel be directed to provide attorney billing records no later than September 29, 2020.

Thank you for considering these requests.

Respectfully submitted,

/s/
Laurae A. Caruth
Assistant Corporation Counsel

cc:   Irina Roller, Esq. (via ECF)

Granted.  The Court stays all deadlines in this case for 90 days – with one exception.  Plaintiff's counsel is directed to produce the requested billing records to defendant, in their entirety, by Friday, October 2, 2020.   The Court directs counsel, by December 23, 2020, to submit a detailed status letter setting forth the parties' joint proposal as to the future schedule for this case

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

September 28, 2020